**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PAUL KRISTEN MITCHELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-163-JD** |
| | ) | |
| **TOMMY SHARP, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Paul Kristen Mitchell, a state prisoner appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). Doc. 1. United States District Court Judge Jodi W. Dishman referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondent filed a Motion to Dismiss and Petitioner filed a Response. Docs. 11, 12. For the reasons set forth below, the undersigned recommends that the Court grant the Motion to Dismiss.

## I. Analysis

Petitioner is currently serving a sentence with the Oklahoma Department of Corrections ("ODOC") for conviction of one count of Child Sexual Abuse. Doc. 1 at 1, 4. Petitioner asserts this crime constitutes an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A) and he, therefore, meets the criteria for mandatory deportation as set forth in 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1228(a)(3)(A). *Id.* at 4. He asserts he has a current immigration detainer and demands expedited removal at "the earliest possible convenience." *Id.*

### A. Failure to state a claim upon which relief can be granted

Respondent argues the Petition should be dismissed for failure to state a claim upon which relief can be granted. Doc. 11 at 2-3. The undersigned agrees. Though Petitioner may have an immigration detainer lodged against him, ODOC will not release any inmate to the United States Immigration and Customs Enforcement ("ICE") if they are still serving a sentence for an offense listed in title 21, § 13.1 of the Oklahoma Statutes. Okla. Stat. tit. 57, § 530.4. Child Sexual Abuse is a listed offense. Okla. Stat. tit. 21, § 13.1; *see also* 8 U.S.C. § 1228(a)(1) (providing for expedited removal of noncitizens convicted of aggravated felonies "following the end of the [noncitizen's] incarceration for the underlying sentence"). Petitioner has established no grounds for his immediate release to ICE custody for expedited removal. Doc. 1 at 4-6; Doc. 12 at 2-6; *see also Hernandez v. Immigration Customs Enf't*, No. CIV-19-326-R, 2019 WL 3422104, at *2 (W.D. Okla. May 14, 2019) (noting with respect to a state prisoner convicted of child sexual abuse who sought immediate deportation under 8 U.S.C. § 1228(a), that "although the Attorney General is directed to initiate removal proceedings as expeditiously as possible, *see* 8 U.S.C. §§ 1228(a)(3)(A) & 1229(d)(1), the Attorney General cannot be compelled to effect removal of any incarcerated [noncitizen] prior to his release") (R&R), *adopted*, 2019 WL 2388848 (W.D. Okla. June 6, 2019).

The undersigned recommends dismissing the Petition for failure to state a claim upon which relief can be granted.

**B. Failure to exhaust**

Respondent additionally argues the Petition should be dismissed for failure to exhaust as Petitioner states "he has not appealed or sought any administrative relief regarding the claims set forth in this matter." Doc. 11 at 3. The undersigned agrees. A prisoner's exhaustion of administrative remedies gives "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Though § 2241 does not expressly contain an exhaustion requirement, federal courts recognize that "the exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation modified). To satisfy this requirement, a petitioner must exhaust all administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation modified). "A failure to pursue any level of review generally bars a federal court from considering a § 2241 application." *Acosta v. Daniels*, 589 F. App'x 870, 872 (10th Cir. 2014).

In the Petition, Petitioner states he did not file a grievance or seek an administrative remedy regarding the decision he now challenges. Doc. 1 at 2. In explaining his failure to do so, he states he "does now consent to deportation, now request for my deportation proceedings to be facilitated and deported to home country at the earliest possible convenience." *Id.* at 3 (quotation slightly altered for readability). Petitioner does not assert such remedies were unavailable. *Id.*

**1. Not required to exhaust administrative remedies**

In his Response, however, he argues he is not required to exhaust administrative remedies because his Petition presents only a federal question and, therefore, "there is NO state remedy to exhaust." Doc. 12 at 6; *see also id.* ("As a State court has no jurisdiction or authority to preside over Federal decisions, or determination of Federal law, they cannot provide Federal relief and therefore, exhaustion has been displaced."). However, as noted above, an inmate seeking habeas relief must exhaust administrative remedies. And Petitioner does not establish that such requirement is negated by the character of the claim presented.

**2. Exhaustion of administrative remedies would be futile**

Additionally, in an abundance of caution, the undersigned liberally construes Petitioner's assertion he is not required to exhaust administrative remedies as an assertion such remedies are unavailable and, therefore, exhaustion would be futile. While "a narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile," *Garza*, 596 F.3d at 1203 (citation modified), Petitioner has not established futility.

Though he appears to broadly argue that ODOC cannot provide the remedy he seeks, he presents the argument as "the ONLY remedy available to [him] is through Title 8 U.S.C.A. § 1228(a)(3)(A)." Doc. 12 at 6. Again, however, Petitioner fails to appreciate that the statute on which he relies contemplates completion of his ODOC sentence. *See* 8 U.S.C. § 1228(a)(1) ("The Attorney General shall provide for the availability of special removal proceedings at certain Federal, State, and local correctional facilities for

[noncitizens] convicted of [certain criminal offenses]" . . . in a manner which assures expeditious removal following the end of the [noncitizen's] incarceration for the underlying sentence."), § 1228(a)(3)(B) ("Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any [noncitizen] sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined."). As such, he has not established that an available and exclusive federal remedy renders exhaustion of state administrative remedies futile. *See Garza*, 596 F3d at 1203 (noting it is a petitioner's burden to "demonstrate that exhaustion is futile").

**3. Conclusion**

Petitioner's arguments regarding exhaustion are unavailing and the undersigned recommends dismissing his Petition for failure to exhaust administrative remedies.

## II. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends the Court **GRANT** the Motion to Dismiss, Doc. 11, and dismiss the Petition without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the Court not later than December 14, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 23rd day of November, 2026.

______________________________________

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE